Honorable John J. Kavanagh, M.D. Commissioner Texas Department of Mental Health and Mental Retardation P. O. Box 12668 Austin, Texas 78711
Re: Deposit and use of funds received for genetic counseling services.
Dear Commissioner Kavanagh:
You have requested our opinion regarding the deposit and use of funds for genetic counseling services. Section 2.25 of article 5547-202, V.T.C.S., authorizes the Texas Department of Mental Health and Mental Retardation to charge for genetic counseling services provided under the authority of this Act at a rate not to exceed the actual cost of providing such services. The proceeds from such charges shall be retained and utilized by the department for the continued provision of such services.
You state that the Denton State School, a department facility, receives funds under section 2.25 from community mental health centers, from other departmental facilites, and from individuals. Genetic counseling services are generally provided on an outpatient basis. You ask whether section 2.25 empowers the Denton State School to deposit funds received thereunder in a local depository.
Article 3179, V.T.C.S., applicable to the Denton State School, inter alia, provides:
 All funds of every character received by or belonging to the institutions, other than money appropriated for their support from time to time by the Legislature, shall as soon as received, be paid over to the State Treasurer by the Board, superintendent or other person receiving them. The Treasurer shall place such sums to the credit of the general revenue fund.
It might be argued that article 3179, by requiring the deposit of all such funds in the State Treasury, irreconcilably conflicts with section 2.25 of article 5547-202. Article 3179, however, applies only to unappropriated funds, and it seems clear that all moneys collected under section 2.25 are appropriated.
In section 3h of article II of the current appropriations act, Acts 1977, 65th Leg., ch. 872, at 2804, all proceeds from the operation of out-patient clinics by the Denton State School are, with a single nonrelevant exception, reappropriated to that institution:
 OUT-PATIENT CLINICS. (1) The State agencies named in this Section are authorized to charge for treatment and medication to patients treated on an out-patient basis at rates not to exceed the actual cost. An additional charge may be made for medication dispensed to patients at a rate not to exceed the cost to the State.
 (2) Proceeds from the sale of medications and from treatment are hereby reappropriated to the respective out-patient clinics or institutions.
 (3) As an exception to the General Provisions of this Act relating to reimbursements and payments, it is expressly provided that the moneys received by the Department of Mental Health and Mental Retardation and the Department of Health Resources, from interagency contracts with the Department of Public Welfare under Title XIX of the Social Security Act, are to be considered pay-patient collections and deposited in the General Revenue Fund.
In addition, section 26 of article V appropriates to the relevant agency reimbursements for authorizes services received from another state agency:
 REIMBURSEMENTS AND PAYMENTS. Any reimbursements received by an agency of the State for authorized services rendered to any other agency of the State Government . . . are hereby appropriated to the agency of the State receiving such reimbursements and payments for use during the fiscal year in which they are received.
The reimbursements and payments received shall be credited . . . to the agency's current appropriation items or accounts from which the expenditures of like character were originally made. . . .
Thus, outpatient moneys collected by the Denton State School from individuals and from community mental health centers are reappropriated to the agency by section 3h of article II of the appropriations act, while funds received from other departmental facilities are reappropriated under both that section and section 26 of article V. As a result, since article 3179 has no application to these particular funds, section 2.25 of article 5547-202 prevails, and the Denton State School should retain and utilize funds collected for genetic counseling services `for the continued provision of such services.' By deciding that these funds may be deposited in a local depository, we need not decide whether they are considered to be `in the state treasury.'
 SUMMARY
The Denton State School is authorized to deposit funds received for genetic counseling services, pursuant to section 2.25 of article 5547-202, V.T.C.S., in a local depository.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee